UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>HEATHER RAY,<br><br>                Defendant. | Case No. 1-18-cr-00387-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

      On July 15, 2019, Defendant Heather Ray appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

      The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant had her initial appearance on the Indictment on January 11, 2019, before Magistrate Judge Ronald Bush. At that time, the Government requested detention, and the Court entered a temporary order of detention. (Dkt. 7, 11.) A detention hearing was held on January 14, 2019, and the Court denied the Government's motion for detention. (Dkt. 17.) Defendant was released subject to Special Conditions of Release. (Dkt. 18.)

For over six months, Defendant has complied with all conditions of pretrial release. During her pretrial supervision, there have been no positive drug test results, and Defendant has sought mental health treatment. She has been unable to actively seek employment due to her physical health issues, which required hospitalization for a period of time in April at the University of Utah Hospital. Defendant has maintained her residence with her father and third party custodian, and abided by location monitoring and curfew.

According to Defendant's proffer, Defendant is continuing her medical treatment

**REPORT AND RECOMMENDATION - 2**

for both her mental and physical health issues, and has several upcoming medical appointments in an effort to stabilize her multiple medical conditions. She has four children, three of which are the subject of an upcoming custody hearing, and Defendant's presence and testimony will significantly aid the court in placement of the children. Defendant's grandmother is in declining health as well.

Although the Government argued that the Court should follow the mandatory detention provision in Section 3143(1)(2), the Government proffered no information suggesting that Defendant is at an enhanced risk of flight or danger to the community at this time. And, Pretrial Services has recommended that Defendant's conditions of supervision remain unchanged.

Upon consideration of the totality of the circumstances presented in this case, including the strict conditions of release and the disruption in the course of treatment of Defendant's health conditions that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court will recommend release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)   The District Court accept Defendant Heather Ray's plea of guilty to Count 3 of the Indictment (Dkt. 1).

2)   The District Court order forfeiture consistent with Defendant Heather Ray's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3)   The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 1 and 2 of the Indictment (Dkt. 1) as to Defendant.

4)   The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 18.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 15, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 4**